Gardiner *v.* Silsby.

---

HENRY C. GARDINER *et al.,* AS TRUSTEES, &c., Appellants, *against* JOHN SILSBY *et al.,* Respondents.

(Decided April 5th, 1880.)

Upon a motion by the plaintiffs for an injunction and a receiver a reference was ordered to take proof of disputed questions of fact, which reference, after several meetings, was abandoned by the plaintiffs. The cause was subsequently referred, and the trial proceeded before the referee. *Held,* that a second application for an injunction *pendente lite* and a receiver, based upon grounds of the same nature as those originally presented, the only new facts alleged being either immaterial or insufficiently proved, should be denied.

Gardiner v. Silsby.

APPEAL from an order of this court at special term deny-ing a motion by the plaintiffs for an injunction *pendente lite*, and the appointment of a receiver.

*Austin Abbott* and *Luther R. Marsh*, for appellants.

*Aaron Pennnington Whitehead* and *M. W. Divine*, for re-spondents.

J. F. DALY, J.—The reasons given in his opinion by the learned judge at special term were sufficient as a ground for denying the motion. A similar motion for an injunction and receiver was made in August, 1878, by plaintiff and enter-tained, and a reference ordered to take proof of disputed questions of fact. The reference and the motion were aban-doned by plaintiffs after several meetings had been had and defendant subjected to a long, adverse examination. The cause was then referred, on December 9, 1878, to the late Mr. Bloomfield, and upon his death the Hon. E. L. Fancher was appointed referee by consent, and the trial of the issues pro-ceeded before him from February to June, 1879, and was ad-journed to October. A determination of all the questions of law and fact can be speedily had if plaintiffs desire it, and un-der such circumstances the court should not favor a second ap-plication for an injunction *pendente lite* and a receivership, based upon grounds of the same nature as those originally presented and abandoned as the foundation of the earlier mo-tion. The newly discovered facts alleged as a ground for re-newing this motion are either immaterial or insufficiently proved. Of the former kind is the transfer of defendant Silsby's own shares of stock, being his individual property; and of the latter, the allegation of an agreement to pay away all the proceeds of the company's mine being mere hearsay. The allegation that the referee has ordered an accounting is a mere expression of opinion by Mr. Gardiner as to the legal effect of rulings, and required no denial as a fact.

Order affirmed, with $10 costs and disbursements.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Order affirmed, with costs.